E. MARTIN ESTRADA
United States Attorney
MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division
DAVID KOWAL (Cal. Bar No. 188651)
Assistant United States Attorney
Violent & Organized Crime Section
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-5136
    Facsimile: (213) 894-0141
    E-mail:   david.kowal@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-184-FMO |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT NSHAN SARGSIAN |
| v. | |
| NSHAN SARGSIAN,<br>  aka "Nshan Sargsyan,"<br>  aka "Nshan Ashotovich Sargsian,"<br>  aka "Nshan Ashoti Sargsian," | |
| Defendant. | |

1.    This constitutes the plea agreement between Nshan Sargsian ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

## DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

a.   Give up the right to indictment by a grand jury and, at the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to a single-count information in the form attached to this agreement as Exhibit A or a substantially similar form, which charges defendant with perjury, in violation of 18 U.S.C. § 1621(2).

b.   Not contest facts agreed to in this agreement.

c.   Abide by all agreements regarding sentencing contained in this agreement.

d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g.   Pay the applicable special assessment at or before the time of sentencing unless defendant has demonstrated a lack of the ability to pay such assessment.

<u>THE USAO'S OBLIGATIONS</u>

3.   The USAO agrees to:

a.   Not contest facts agreed to in this agreement.

b.   Abide by all agreements regarding sentencing contained in this agreement.

c.   At the time of sentencing, move to dismiss the underlying indictment as against defendant.  Defendant agrees,

1  however, that at the time of sentencing the Court may consider any

2  dismissed charges in determining the applicable Sentencing Guidelines

3  range, the propriety and extent of any departure from that range, and

4  the sentence to be imposed.

5       d.   At the time of sentencing, provided that defendant

6  demonstrates an acceptance of responsibility for the offense up to

7  and including the time of sentencing, recommend a two-level reduction

8  in the applicable Sentencing Guidelines offense level, pursuant to

9  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

10 additional one-level reduction if available under that section.

11      e.   Except for criminal tax violations (including

12 conspiracy to commit such violations chargeable under 18 U.S.C.

13 § 371), not further criminally prosecute defendant for violations of

14 18 U.S.C. § 3146(a) (failure to appear) or 18 U.S.C. §§ 751 (escape)

15 for his absconding from pretrial supervision, as described in

16 Paragraph 9 below.  Defendant agrees that at the time of sentencing

17 the Court may consider the uncharged conduct in determining the

18 applicable Sentencing Guidelines range, the propriety and extent of

19 any departure from that range, and the sentence to be imposed after

20 consideration of the Sentencing Guidelines and all other relevant

21 factors under 18 U.S.C. § 3553(a).

22                        NATURE OF THE OFFENSE

23      4.   Defendant understands that for defendant to be guilty of

24 the crime charged in the information, that is, perjury, in violation

25 of 18 U.S.C. § 1621(2), the following must be true:

26      1)   First, the defendant stated in writing, under penalty

27 of perjury, that he had never been arrested or convicted for any

28 offense or crime;

1          2)    Second, the written statement was false;

2          3)    Third, the false statement was material to matters

3    before the United States Department of State or the United States

4    Citizenship and Immigration Services; that is, it had a natural

5    tendency to influence, or was capable of influencing, the actions of

6    the agencies; and

7          4)    Fourth, the defendant acted willfully, that is

8    deliberately and with the knowledge that his statement was false.

9                                PENALTIES

10   5.    Defendant understands that the statutory maximum sentence

11   that the Court can impose for a violation of 18 U.S.C. 1621(2), as

12   charged in the information, is: 5 years' imprisonment; a 3-year

13   period of supervised release; a fine of $250,000 or twice the gross

14   gain or gross loss resulting from the offense, whichever is greatest;

15   and a mandatory special assessment of $100.

16   6.    Defendant understands that supervised release is a period

17   of time following imprisonment during which defendant will be subject

18   to various restrictions and requirements.  Defendant understands that

19   if defendant violates one or more of the conditions of any supervised

20   release imposed, defendant may be returned to prison for all or part

21   of the term of supervised release authorized by statute for the

22   offense that resulted in the term of supervised release, which could

23   result in defendant serving a total term of imprisonment greater than

24   the statutory maximum stated above.

25   7.    Defendant understands that, by pleading guilty, defendant

26   may be giving up valuable government benefits and valuable civic

27   rights, such as the right to vote, the right to possess a firearm,

28   the right to hold office, and the right to serve on a jury.

4

1   Defendant understands that he is pleading guilty to a felony and that
2   it is a federal crime for a convicted felon to possess a firearm or
3   ammunition.   Defendant understands that the conviction in this case
4   may also subject defendant to various other collateral consequences,
5   including but not limited to revocation of probation, parole, or
6   supervised release in another case and suspension or revocation of a
7   professional license.   Defendant understands that unanticipated
8   collateral consequences will not serve as grounds to withdraw
9   defendant's guilty plea.
10      8.   Defendant and his counsel have discussed the fact that, and
11  defendant understands that, if defendant is not a United States
12  citizen, the conviction in this case makes it practically inevitable
13  and a virtual certainty that defendant will be removed or deported
14  from the United States.   Defendant may also be denied United States
15  citizenship and admission to the United States in the future.
16  Defendant understands that while there may be arguments that
17  defendant can raise in immigration proceedings to avoid or delay
18  removal, removal is presumptively mandatory and a virtual certainty
19  in this case.   Defendant further understands that removal and
20  immigration consequences are the subject of a separate proceeding and
21  that no one, including his attorney or the Court, can predict to an
22  absolute certainty the effect of his conviction on his immigration
23  status.   Defendant nevertheless affirms that he wants to plead guilty
24  regardless of any immigration consequences that his plea may entail,
25  even if the consequence is automatic removal from the United States.
26                        FACTUAL BASIS
27      9.   Defendant admits that defendant is, in fact, guilty of the
28  offense to which defendant is agreeing to plead guilty.   Defendant

5

1   and the USAO agree to the statement of facts provided below and agree

2   that this statement of facts is sufficient to support a plea of

3   guilty to the charge described in this agreement and to establish the

4   Sentencing Guidelines factors set forth in paragraph 11 below but is

5   not meant to be a complete recitation of all facts relevant to the

6   underlying criminal conduct or all facts known to either party that

7   relate to that conduct.

8        On May 18, 2015, defendant filed a nonimmigrant visa application

9   with the United States consulate in Moscow ("the visa application"),

10  signed and submitted under penalty of perjury within the meaning of

11  Section 1746, Tile 28 of the United States Code, which contained

12  knowing and willful false statements.  Specifically, defendant

13  willfully and deliberately responded falsely "No" to a question

14  asking whether he had ever been arrested or convicted of any offense

15  or crime, notwithstanding any amnesty or pardon.  In truth and in

16  fact, as defendant well knew at the time, defendant's statement was

17  false because he had been convicted of, and imprisoned for, crimes in

18  Armenia, including Theft, in or about 1999, and Gaining Illegal

19  Control of a Car without the Intention of Theft, in or about 2004.

20  These willful false statements by defendant on the visa application

21  were material to the Department of State in their evaluation of

22  defendant's visa application.

23       On the same visa application, defendant confirmed that he was

24  married to Lilya Surenvoa Kazarian ("Kazarian").  Based on these

25  representations, the United States Department of State issued

26  defendant a temporary visitor's visa, which defendant used to enter

27  the United States on or about May 30, 2015, at Los Angeles

28

6

1  International Airport, in Los Angeles, California, within the Central
2  District of California.

3      On November 27, 2015, defendant filed by mail an affirmative
4  asylum application.  The asylum application contained information
5  consistent with defendant's visa application, except defendant stated
6  that he was single, had no children, had never been arrested or
7  convicted of a crime, and that neither his wife nor his children had
8  ever applied for asylum in the United States.  In truth and in fact,
9  at the time he submitted the asylum application, defendant was
10 married to Kazarian (also known as "Lilya Harutyunyan"), had children
11 with Kazarian, he had previously been convicted of crimes, and his
12 wife and children had applied for asylum on July 14, 2015.

13     On April 15, 2016, defendant married Kristine Ogandzhanyan
14 ("Ogandzhanyan"), a United States citizen, in California.  On July
15 27, 2016, Ogandzhanyan filed a Petition for Alien Relative on behalf
16 of defendant, in which she claimed to be in a legitimate marriage and
17 consistently residing with defendant at 477 E. Providencia Ave., Apt.
18 A, Burbank, California.  In truth and in fact, at all relevant times,
19 defendant was not legitimately married to Ogandzhanyan, and was still
20 married to, and consistently living with, Kazarian and their children
21 at their residence in Van Nuys, California.  Defendant married
22 Ogandzhanyan for the exclusive purpose of fraudulently obtaining
23 United States citizenship.  Defendant's marriage to Ogandzhanyan was
24 not legitimate, he never actually cohabitated with Ogandzhanyan, and
25 he never intended to establish a life with Ogandzhanyan as husband
26 and wife.

27     In April 2019, defendant was arrested in connection with the
28 facts above and an indictment this case, and was released on pretrial

7

supervision under terms and conditions ordered by the Court.  In
February 2023, the Pretrial Services Agency ("PSA") instructed
defendant to appear at a February 22, 2023 hearing on an order to
show cause why defendant should not be held to have violated the
terms and conditions of his release.  Defendant knowingly and
intentionally obstructed the administration of justice, including the
prosecution and sentence, in this case by failing to appear for the
February 22, 2023 hearing, failing to further communicate with PSA or
the Court, and attempting to flee from his pretrial supervision.
Defendant absconded from justice and PSA supervision until March
2024, when he was brought back before the Court after having been
arrested in Costa Mesa, California on new, unrelated state criminal
charges.

SENTENCING FACTORS

10.  Defendant understands that in determining defendant's
sentence the Court is required to calculate the applicable Sentencing
Guidelines range and to consider that range, possible departures
under the Sentencing Guidelines, and the other sentencing factors set
forth in 18 U.S.C. § 3553(a).  Defendant understands that the
Sentencing Guidelines are advisory only, that defendant cannot have
any expectation of receiving a sentence within the calculated
Sentencing Guidelines range, and that after considering the
Sentencing Guidelines and the other § 3553(a) factors, the Court will
be free to exercise its discretion to impose any sentence it finds
appropriate up to the maximum set by statute for the crimes of
conviction.

11.  Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors:

| Base Offense Level: | 14 | [U.S.S.G. § 2L 1.3(a)] |
|---|---|---|
| Obstruction of Justice: | +2 | [U.S.S.G. § 3C1.1] |
| Variance | -4 | [18 U.S.C. § 3553(a)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above. Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

The parties agree that, pursuant to 18 U.S.C. § 3553(a), defendant is entitled to a four-level downward variance based on unique facts and circumstances presented in this case.

12.   Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

13.   Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

14.   Defendant understands that by pleading guilty, defendant gives up the following rights:

        a.   The right to persist in a plea of not guilty.

        b.   The right to a speedy and public trial by jury.

1      c.   The right to be represented by counsel -- and if

2   necessary have the Court appoint counsel -- at trial.  Defendant

3   understands, however, that, defendant retains the right to be

4   represented by counsel -- and if necessary have the Court appoint

5   counsel -- at every other stage of the proceeding.

6      d.   The right to be presumed innocent and to have the

7   burden of proof placed on the government to prove defendant guilty

8   beyond a reasonable doubt.

9      e.   The right to confront and cross-examine witnesses

10  against defendant.

11     f.   The right to testify and to present evidence in

12  opposition to the charges, including the right to compel the

13  attendance of witnesses to testify.

14     g.   The right not to be compelled to testify, and, if

15  defendant chose not to testify or present evidence, to have that

16  choice not be used against defendant.

17     h.   Any and all rights to pursue any affirmative defenses,

18  Fourth Amendment or Fifth Amendment claims, and other pretrial

19  motions that have been filed or could be filed.

20                    WAIVER OF STATUTE OF LIMITATIONS

21     15.  Having been fully advised by defendant's attorney regarding

22  application of the statute of limitations to the offense to which

23  defendant is pleading guilty, defendant hereby knowingly,

24  voluntarily, and intelligently waives, relinquishes, and gives up:

25  (a) any right that defendant might have not to be prosecuted for the

26  offense to which defendant is pleading guilty because of the

27  expiration of the statute of limitations for that offense prior to

28  the filing of the information alleging that offense; and (b) any

                                   10

1  defense, claim, or argument defendant could raise or assert that
2  prosecution of the offense to which defendant is pleading guilty is
3  barred by the expiration of the applicable statute of limitations,
4  pre-indictment delay, or any speedy trial violation.

WAIVER OF VENUE

6      16.  Having been fully advised by defendant's attorney regarding
7  the requirements of venue with respect to the offense to which
8  defendant is pleading guilty, to the extent the offense to which
9  defendant is pleading guilty were committed, begun, or completed
10  outside the Central District of California, defendant knowingly,
11  voluntarily, and intelligently waives, relinquishes, and gives up:
12  (a) any right that defendant might have to be prosecuted only in the
13  district where the offense to which defendant is pleading guilty were
14  committed, begun, or completed; and (b) any defense, claim, or
15  argument defendant could raise or assert based upon lack of venue
16  with respect to the offense to which defendant is pleading guilty.

WAIVER OF APPEAL OF CONVICTION

18      17.  Defendant understands that, with the exception of an appeal
19  based on a claim that defendant's guilty plea was involuntary, by
20  pleading guilty defendant is waiving and giving up any right to
21  appeal defendant's conviction on the offense to which defendant is
22  pleading guilty.  Defendant understands that this waiver includes,
23  but is not limited to, arguments that the statute to which defendant
24  is pleading guilty is unconstitutional, and any and all claims that
25  the statement of facts provided herein is insufficient to support
26  defendant's plea of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18.  Defendant agrees that, provided the Court imposes a total term of imprisonment of no more than the high end of the Sentencing Guidelines range corresponding a total offense level of 13, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the conditions of probation or supervised release imposed by the Court.

19.  Defendant also gives up any right to bring a post-conviction collateral attack on the conviction or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

20.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than the low

1  end of the Sentencing Guidelines range corresponding a total offense

2  level of 13, the USAO gives up its right to appeal any portion of the

3  sentence.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

5      21.  Defendant agrees that if, after entering a guilty plea

6  pursuant to this agreement, defendant seeks to withdraw and succeeds

7  in withdrawing defendant's guilty plea on any basis other than a

8  claim and finding that entry into this plea agreement was

9  involuntary, then (a) the USAO will be relieved of all of its

10  obligations under this agreement; and (b) should the USAO choose to

11  pursue any charge or any civil, administrative, or regulatory action

12  that was either dismissed or not filed as a result of this agreement,

13  then (i) any applicable statute of limitations will be tolled between

14  the date of defendant's signing of this agreement and the filing

15  commencing any such action; and (ii) defendant waives and gives up

16  all defenses based on the statute of limitations, any claim of pre-

17  indictment delay, or any speedy trial claim with respect to any such

18  action, except to the extent that such defenses existed as of the

19  date of defendant's signing this agreement.

### RESULT OF VACATUR, REVERSAL OR SET-ASIDE

21      22.  Defendant agrees that if the count of conviction is

22  vacated, reversed, or set aside, both the USAO and defendant will be

23  released from all their obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

25      23.  This agreement is effective upon signature and execution of

26  all required certifications by defendant, defendant's counsel, and an

27  Assistant United States Attorney.

28

<u>BREACH OF AGREEMENT</u>

24.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

25.  Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge or any civil, administrative, or regulatory action that was either dismissed or not filed as a result of this agreement, then:

a.   Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b.   Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

1    c. Defendant agrees that: (i) any statements made by

2 defendant, under oath, at the guilty plea hearing (if such a hearing

3 occurred prior to the breach); (ii) the agreed to factual basis

4 statement in this agreement; and (iii) any evidence derived from such

5 statements, shall be admissible against defendant in any such action

6 against defendant, and defendant waives and gives up any claim under

7 the United States Constitution, any statute, Rule 410 of the Federal

8 Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

9 Procedure, or any other federal rule, that the statements or any

10 evidence derived from the statements should be suppressed or are

11 inadmissible.

12    COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

13         OFFICE NOT PARTIES

14  26. Defendant understands that the Court and the United States

15 Probation and Pretrial Services Office are not parties to this

16 agreement and need not accept any of the USAO's sentencing

17 recommendations or the parties' agreements to facts or sentencing

18 factors.

19  27. Defendant understands that both defendant and the USAO are

20 free to: (a) supplement the facts by supplying relevant information

21 to the United States Probation and Pretrial Services Office and the

22 Court, (b) correct any and all factual misstatements relating to the

23 Court's Sentencing Guidelines calculations and determination of

24 sentence, and (c) argue on appeal and collateral review that the

25 Court's Sentencing Guidelines calculations and the sentence it

26 chooses to impose are not error, although each party agrees to

27 maintain its view that the calculations in paragraph 11 are

28 consistent with the facts of this case.  While this paragraph permits

both the USAO and defendant to submit full and complete factual
information to the United States Probation and Pretrial Services
Office and the Court, even if that factual information may be viewed
as inconsistent with the facts agreed to in this agreement, this
paragraph does not affect defendant's and the USAO's obligations not
to contest the facts agreed to in this agreement.

28.  Defendant understands that even if the Court ignores any
sentencing recommendation, finds facts or reaches conclusions
different from those agreed to, and/or imposes any sentence up to the
maximum established by statute, defendant cannot, for that reason,
withdraw defendant's guilty plea, and defendant will remain bound to
fulfill all defendant's obligations under this agreement.  Defendant
understands that no one -- not the prosecutor, defendant's attorney,
or the Court -- can make a binding prediction or promise regarding
the sentence defendant will receive, except that it will be within
the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

29.  Defendant understands that, except as set forth herein,
there are no promises, understandings, or agreements between the USAO
and defendant or defendant's attorney, and that no additional
promise, understanding, or agreement may be entered into unless in a
writing signed by all parties or on the record in court.

//

//

1    <u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

2        30.   The parties agree that this agreement will be considered

3    part of the record of defendant's guilty plea hearing as if the

4    entire agreement had been read into the record of the proceeding.

5    AGREED AND ACCEPTED

6    UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF
7    CALIFORNIA

8    E. MARTIN ESTRADA
     United States Attorney

9

10   _____        4/16/24
     DAVID KOWAL                             _____
11   Assistant United States Attorney        Date

12   _____        4/14/24
     NSHAN SARGSIAN                          _____
13   Defendant                               Date

14   _____        4/14/24
     JILBERT TAHMAZIAN                       _____
15   Attorney for Defendant NSHAN            Date
     SARGSIAN

16

17

18              <u>CERTIFICATION OF DEFENDANT</u>

19       I have read this agreement in its entirety.  This agreement has

20   been read to me in Armenian, the language I understand best.  I have

21   had enough time to review and consider this agreement, and I have

22   carefully and thoroughly discussed every part of it with my attorney.

23   I understand the terms of this agreement, and I voluntarily agree to

24   those terms.  I have discussed the evidence with my attorney, and my

25   waiver of venue and statute of limitations defenses, and my attorney

26   has advised me of my rights, of possible pretrial motions that might

27   be filed, of possible defenses that might be asserted either prior to

28   or at trial, of the sentencing factors set forth in 18 U.S.C.

                                    17

1  § 3553(a), of relevant Sentencing Guidelines provisions, and of the

2  consequences of entering into this agreement.  No promises,

3  inducements, or representations of any kind have been made to me

4  other than those contained in this agreement.  No one has threatened

5  or forced me in any way to enter into this agreement.  I am satisfied

6  with the representation of my attorney in this matter,

7  and I am pleading guilty because I am guilty of the charges and wish

8  to take advantage of the promises set forth in this agreement, and

9  not for any other reason.

10

11  _____          4/19/24
    NSHAN SARGSIAN                           _____
12  Defendant                                Date

13

                   CERTIFICATION OF INTERPRETER

14  I, Jilbert Tahmazian, am fluent in the written and

15  spoken English and Armenian languages.  I accurately translated this

16  entire agreement from English into Armenian to defendant NSHAN

17  SARGSIAN on this date.

18                                           4/19/24

19  _____          _____
    INTERPRETER                              Date

20

21

22                 CERTIFICATION OF DEFENDANT'S ATTORNEY

23      I am NSHAN SARGSIAN's attorney.  I have carefully and thoroughly

24  discussed every part of this agreement with my client.  Further, I

25  have fully advised my client of his rights, of possible pretrial

26  motions that might be filed, of possible defenses that might be

27  asserted either prior to or at trial, of the sentencing factors set

28  forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines

                                   18

provisions, and of his options with respect to his waiver of venue and statute of limitations defenses, and of the consequences of entering into this agreement.  To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty plea pursuant to this agreement.

JILBERT TAHMAZIAN                                    4/14/24
Attorney for Defendant NSHAN          Date
SARGSIAN

**EXHIBIT A**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>               v.<br><br>NSHAN SARGSIAN,<br>  aka "Nshan Sargsyan,"<br>  aka "Nshan Ashotovich Sargsian,"<br>  aka "Nshan Ashoti Sargsian,"<br><br>          Defendant. | No. CR 19-184-FMO<br><br>F I R S T<br>S U P E R S E D I N G<br>I N F O R M A T I O N<br><br>[18 U.S.C. § 1621(2): Perjury] |

The United States Attorney charges:

[18 U.S.C. § 1621(2)]

On or about May 18, 2015, in Los Angeles County, within the Central District of California, and elsewhere, defendant NSHAN SARGSIAN, also known as ("aka") "Nshan Sargsyan," aka "Nshan Ashotovich Sargsian," aka "Nshan Ashoti Sargsian," in a declaration, certificate, and statement signed under penalty of perjury within the meaning of Section 1746 of Title 28, United States Code, knowingly and willfully subscribed as true a material matter which defendant SARGSIAN did not believe to be true, namely, in a nonimmigrant visa application presented to the Department of State, defendant SARGSIAN

1  falsely declared, certified, and stated under penalty of perjury that

2  he had never been arrested or convicted of any offense or crime,

3  when, in truth and in fact, as defendant SARGSIAN then well knew, he

4  had been arrested and convicted of two crimes in Armenia.

MARTIN E. ESTRADA
United States Attorney


MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

JOSHUA O. MAUSNER
Assistant United States Attorney
Chief, Violent & Organized Crime
Section

DAVID KOWAL
Assistant United States Attorneys
Violent & Organized Crime Section